# JANUARY TERM, 1891.

84  391
89  166

THE CITY SAVINGS BANK OF DETROIT V. GEORGE C. HUEBNER, TREASURER OF WAYNE COUNTY.

*County treasurer—Designation of depository—Expiration of term.*

Act No. 393, Local Acts of 1879, authorizing the county treasurer and board of auditors of Wayne county to designate a depository for the public funds, is construed as follows:

    *a*—In making such designation the treasurer and board have an equal voice.

    *b*—Such designation is good and valid until the expiration of the term of office of the county treasurer, and until a new designation is made by his successor and the board of auditors, which it is their duty to make as soon as convenient after the treasurer qualifies and enters upon the discharge of the duties of his office, and without unnecessary delay.

    *c*—Until such new designation is made, it is the duty of the treasurer to deposit the public funds in the existing depository or depositories.

*Mandamus.* Submitted January 13, 1891. Granted January 14, 1891.

Relator applied for *mandamus* to compel respondent to deposit with it certain funds of the county, in accordance with a contract claimed to have been entered into by it in December, 1890, with the board of auditors and outgoing county treasurer, by which relator was to act as depository of such funds for a term of two years.

*Corliss, Andrus & Leete,* for relator.

*William J. Gray* and *F. A. Baker,* for respondent.

*Edwin F. Conely,* for board of auditors.

PER CURIAM. Upon the argument of this motion, the board of auditors have, by our premission, intervened, so that the Court has before it the City Savings Bank, claiming to be a depository of public funds, the treasurer, and the board of auditors, who represent the county of Wayne, and who (the treasurer and board) are authorized to designate the depositories under the law. We are first to construe the act of 1879. This is necessary, as the relator claims that it entered into a contract with the out-going treasurer and the board of auditors to act as a depository for the term of two years. The question arises whether the treasurer and board have, under the law, the right to contract for a term of years; and, if so, can they contract beyond the incumbency of the person who holds the office of county treasurer for the time being? We are all agreed upon the following propositions as the proper construction of the statute of 1879:

1. It is not competent for a county treasurer and board of auditors to contract for depositing the public funds beyond the expiration of the term of office of the incumbent of the office of county treasurer for the time being, but a designation of a depository by the treasurer and board is good and valid until the expiration of the term of his office, and until a new designation is made by the newly-elected county treasurer and board.

2. It is the duty of the newly-elected county treasurer and board of auditors, as soon as convenient after the treasurer qualifies and enters upon the duties of his office, and without unnecessary delay, to designate one or more depositories, in accordance with the statute; and, in mak-

ing such designation, the treasurer and board have an equal voice.

3. The designation by County Treasurer Phelps and the board, dated December 9, and carried into effect December 31, 1890, is valid until the end of Mr. Phelps' term, and until a new depository is designated by Treasurer Huebner and the board. Beyond that the contract is ineffectual, and gives to relator no vested right to retain the funds.

4. Until such new designation, it is the duty of the treasurer to deposit the public moneys in the designated depositories.

The *mandamus* will issue in accordance with this opinion.