COUNTY OF SANILAC *v.* BURGESS.

1. Townships—Designation of Depository—Sureties—Statutes.
   Statute permitting township board to designate depository for money coming into hands of township treasurer, and relieving him and surety on his bond, upon compliance therewith, from liability occasioned by failure of depository, contemplates successive action by township board, if depository is desired, and not continuing operation of action had under different circumstances and based on other considerations (Act No. 305, Pub. Acts 1909; 1 Comp. Laws 1929, § 1017).

2. Guaranty—Continuing Guaranty—Presumption—Gratuitous Sureties.
   Presumption of law is against continuing guaranty, especially in case of uncompensated sureties.

3. Townships—Designation of Depository—Continued Operation.
   Designation of depository in 1910 by township board did not, without more, authorize township treasurer in 1926 and 1927 to assume continued operation of designation and right to deposit tax collections thereunder (Act No. 305, Pub. Acts 1909; 1 Comp. Laws 1929, § 1017).

4. SAME—LIABILITY OF TREASURER THROUGH FAILURE OF DEPOS-
ITORY—SURETIES.

    Township treasurer and surety on his bond are liable for county
    money collected by treasurer and lost by failure of depository
    bank, where no designation of depository was made by town-
    ship board during term of treasurer's office, as authorized by
    Act No. 305, Pub. Acts 1909; 1 Comp. Laws 1929, § 1017.

Appeal from Sanilac; Boomhower (Xenophon A.), J. Submitted October 3, 1933. (Docket No. 11, Calendar No. 37,204.) Decided December 5, 1933.

Assumpsit by County of Sanilac against Guy H. Burgess, Marion township treasurer, and American Surety Company, surety, for State and county tax moneys. Judgment for plaintiff. Defendants appeal. Affirmed.

*Leonard J. Paterson,* Prosecuting Attorney, for plaintiff.

*Miller, Canfield, Paddock & Stone* (*R. W. McKenzie,* of counsel), for defendants.

WIEST, J. Defendant Guy H. Burgess was treasurer of the township of Marion, Sanilac county, in 1926 and 1927, and defendant company was surety on his bond to the county. This suit was brought by the county of Sanilac to recover State and county tax money collected by the township treasurer in 1926 and 1927 and not paid over to the county treasurer. The township treasurer defends on the ground that he deposited the tax money in a bank designated by the township board in 1910 as the proper depository, and the money sued for by the county was so on deposit when the bank failed on January 5, 1927. The township board, in December, 1910, designated the bank as depository under the provisions of the statute, and on December 21, 1910, approved

the bond of the depository with personal sureties thereon. This designation was never renewed nor changed by action of the township board, and plaintiff claims that it was operative only during the term of the then township treasurer and until his successor was elected and had qualified, while defendants claim that the designation remained operative because unchanged. These contentions present the issue of law to be decided.

Act No. 305, Pub. Acts 1909, now 1 Comp. Laws 1929, § 1017, permitted the township board to designate a depository for money coming into the hands of the township treasurer, and required the treasurer to comply therewith and, upon compliance, relieved him and the surety from liability occasioned by failure of the depository. Between 1910 and 1926 many treasurers served. The tax roll in Marion township for 1926 amounted to $40,285.46. The depository bond was given in 1910. The bond of the depository need not be in the amount of the tax roll for the law limits deposits to the amount of the bond fixed by the township board.

It does not appear whether the sureties on the depository bond given in 1910 are still living, or, if living, are pecuniarily responsible.

Counsel for defendants cite cases from other jurisdictions upon the question of continuance of a depository once designated. Of course, holdings in such cases hinged upon construction of statutes. The decisions of courts in other jurisdictions afford no certain guidance or test. There appears to be no fixed general rule on the subject, and we are, therefore, required to construe our statute and apply the law in accord with its manifest purpose.

In *City Savings Bank* v. *Huebner,* 84 Mich. 391, there was involved construction of a local act, au-

thorizing the county treasurer and the board of auditors to designate a depository for public funds, and it was held:

"A designation of a depository by the treasurer and board is good and valid until the expiration of the term of his office, and until a new designation is made by the newly-elected county treasurer and board."

The continuing effect of the designation was, however, limited by the following statement of the court:

"It is the duty of the newly-elected county treasurer and board of auditors, as soon as convenient after the treasurer qualifies and enters upon the duties of his office, and without unnecessary delay, to designate one or more depositories, in accordance with the statute."

That case, while not directly in point, is persuasive of the holding we should make.

It is not the policy of the law to subject the safeguards, established for the protection of tax collections, to any hazards, and much less to the inattention here disclosed. Defendant treasurer's exoneration, if any, must rest upon due attention to the provisions of law and not upon inattention. It was the duty of the township board, if a depository was deemed advisable, to make the designation from time to time, having in mind instant needs and tax rolls and prospective funds in the hands of an incumbent treasurer.

The statute contemplates successive action by the township board, if a depository is desired, and not continuing operation of action had under different circumstances and based on other considerations.

The defendants were bound by the bond in suit to account for State and county taxes collected, unless the liability was discharged by due observance of the statute permitting designation of a depository, and deposits in accordance therewith. The presumption of law is against a continuing guaranty, especially in the case of uncompensated sureties.

The statutes relating to tax collections; bond by the treasurer to the township; fixing the amount thereof by the supervisor in accordance with the assessment roll; bond to the county treasurer for State and county tax moneys; and permission to the township board to designate a depository for tax money collected, all indicate the extreme care with which such moneys are safeguarded, and it would render such safeguards of little avail to hold that the designation of a depository in 1910, without more, was operative, within the intent and purposes of the statute, in 1927. The statute does not require designation of a depository, but is permissive, and we hold that the designation of a depository in 1910 did not, without more, authorize the treasurer in 1926 and 1927 to assume continued operation of the designation and the right to deposit tax collections thereunder.

Judgment affirmed, with costs to plaintiff.

MCDONALD, C. J., and WEADOCK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.