COUNTY OF VAN BUREN *v.* SPRAGUE.

1. TOWNSHIPS—DEPOSITARIES—BONDS—STATE AND COUNTY TAXES.
    Statute suspending operation of all other statutes as to depository bonds for public moneys which exempted treasurers and tax collectors and their sureties from liability for loss through failure of properly designated depositories even though latter gave no bonds *held,* to exempt township treasurer or tax collector and her surety for loss of State and county tax moneys upon failure of properly designated depositories notwithstanding she had filed bond pursuant to statute requiring her to furnish one to county treasurer respecting State and county moneys and such statute was not specifically referred to as having been suspended (1 Comp. Laws 1929, § 3432, Act No. 40, Pub. Acts 1932 [1st Ex. Sess.]).

2. Same—Monthly Accounting—Proximate Cause of Loss.
    Failure of township treasurer to turn over State and county tax
        moneys on January 10th and monthly thereafter, even if under
        statutory duty to do so, *held,* not proximate cause of loss, in
        action by county against her and surety on her bond to county
        treasurer where loss was due to failure of properly designated
        depositories (1 Comp. Laws 1929, §§ 3432, 3436, 3480, Act
        No. 40, Pub. Acts 1932 [1st Ex. Sess.]).

3. Costs—Public Question—Public Funds.
    In action by county against township treasurer and surety on
        her bond to county treasurer as to State and county taxes to
        recover loss occasioned by failure of depositories, no costs are
        awarded upon reversal, the question being a public one.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted June 11, 1935. (Docket No. 87, Calendar No. 38,428.)   Decided September 9, 1935.

Assumpsit by County of Van Buren, a municipal corporation, and John W. Swoap, county treasurer, against Grace Sprague, treasurer of Paw Paw township, and Ætna Casualty & Surety Company, a corporation, for State and county moneys.   Judgment for plaintiffs.   Defendants appeal.   Reversed.

*Lewis R. Williams,* for plaintiffs.

*Earl L. Burhans,* for defendant Sprague.

*Taggart & Kingston,* for defendant Ætna Casualty & Surety Co.

*Stevens T. Mason, Lightner, Hanley, Crawford, Sweeny & Dodd* and *Shields, Silsbee, Ballard & Jennings, amici curiæ.*

Butzel, J.  On December 1, 1932, Grace Sprague as treasurer of Paw Paw township, Van Buren county, delivered to the county treasurer her bond,

with Ætna Casualty & Surety Company as surety, in accordance with and following the wording of 1 Comp. Laws 1929, § 3432. The bond was conditioned on Mrs. Sprague's paying to the county treasurer as required by law all State and county taxes collected by her.

It was part of her duties as township treasurer to collect up to March 1st of each year the State and county taxes for the current year (1 Comp. Laws 1929, § 3436), they being added to all other current taxes then due, the taxpayer paying the aggregate amount and the township treasurer thereupon being bound to pay over to the county treasurer such amount thereof as represented payment of State and county taxes (1 Comp. Laws 1929, § 3431). She does not collect State and county taxes after March 1st of the year, but makes a complete accounting and turns over to the county treasurer the balance of State and county taxes collected by her. At the time Mrs. Sprague gave the bond to the county treasurer, Act No. 40, Pub. Acts 1932 (1st Ex. Sess.), was in full force and effect. It exempted from liability all treasurers of townships and other governmental divisions and tax collectors in case of loss caused through the failure of banks that had been properly designated as depositories by the proper authorities, even though no depository bond had been furnished by the depository.

On November 29, 1932, prior to the giving of the bond by Mrs. Sprague to the county treasurer, the township board by resolution properly designated the John W. Free State Bank of Paw Paw, Michigan, as a depository, pursuant to Act No. 40. Mrs. Sprague accordingly deposited all tax collections in this bank and had a large balance to her credit as treasurer when the bank failed to reopen after the

close of business on January 27, 1933. A few days later the board adopted another resolution similar in form to the first but designating the Paw Paw Savings Bank of Paw Paw, Michigan, as depository. Mrs. Sprague thereupon deposited tax collections in the latter bank and again had a large balance to her credit as treasurer when that bank failed to reopen after the governor's proclamation closing the bank on February 11, 1933. After the application of all dividends received from the two banks, there still remains a balance of $6,414.97, representing State and county tax collections made by Mrs. Sprague, duly deposited by her and remaining unpaid in her accounts as township treasurer.

In the suit brought by plaintiff county against defendants Mrs. Sprague and her surety, the trial judge held that the bond given in accordance with 1 Comp. Laws 1929, § 3432, differed from that given under 1 Comp. Laws 1929, § 1017; that the bond was given for the purpose of protecting State and county funds from loss by bank failures; that Act No. 40 did not relieve defendants from liability. He rendered judgment in favor of Van Buren county for the amount representing State and county taxes collected by Mrs. Sprague and remaining unpaid, due to the bank failures.

Defendants claim that Act No. 40 gives complete immunity from any claims by plaintiff, and in addition assert on appeal that Act No. 95, Pub. Acts 1935, passed shortly after the judgment was rendered but prior to the hearing on appeal to this court, absolutely relieved defendants from liability. Inasmuch as we believe that Act No. 40 constitutes a complete defense, it becomes unnecessary to discuss other defenses claimed.

While Act No. 40 does not specifically refer to a bond given in accordance with 1 Comp. Laws 1929, § 3432, we believe it is sufficiently comprehensive so as to cover the conditions arising in the instant case. In *County of Osceola* v. *Michigan Surety Co.*, 264 Mich. 8 (88 A. L. R. 636), we held that moneys received by a county treasurer by virtue of his office and deposited by him in a bank designated as the depository of county funds were protected by the depository bond although, strictly speaking, they were not moneys belonging to the county; defendant's surety on the depository bond was in no way relieved by the fact that it was the duty of the county to pay over the moneys to another governmental agency. In *County of Muskegon* v. *Michigan Surety Co.*, 264 Mich. 65, we again held that funds of the State and other governmental divisions were covered by a bond protecting funds of the county, and that while such funds collected by the county treasurer must eventually be turned over to other governmental subdivisions, nevertheless the moneys were originally payable to the county and became intermingled with the county's funds. Prior to the depression and to the enactment of Act No. 40, a case similar to the instant one would not have arisen, for the depository bond would have made good the loss of county and State funds, despite the fact that they were deposited by the *township* treasurer. The depression, however, made it economically difficult to secure depository bonds before depositing public funds. Unless something were done to relieve sureties on fidelity bonds from the dangers to them created by the fact that depositories were without bonds, it would be difficult for public officers to obtain sureties on their bonds. That it was the intent of the legislature in passing Act No. 40 to give such

relief is undoubtedly true.  The act was adopted at the special session of the legislature in accordance with the message of the governor, who stated that treasurers of the different political subdivisions of the State were having difficulty in obtaining fidelity bonds for the performance of their duties because the depositories also found it difficult to secure their own depository bonds, and that this should be corrected by requiring the legislative body in the locality concerned to designate a depository in which such public moneys shall be placed, whereupon the depository and its surety shall be liable from that time forward.  Thereupon Act No. 40 was passed, providing in addition, however, a suspension of acts requiring depository bonds.  All the provisions in the act were complied with here.  There was a designation of a depository by the local legislative body.  The act refers to all public moneys and all funds coming into the treasurer's hands.  It not only refers to township treasurers, etc., but tax collectors also.  If Mrs. Sprague was not acting in her capacity as township treasurer, then she was as tax collector.

If there is still any doubt that Act No. 40 relieves the defendant, it should be completely assuaged by our decision in *County of Sanilac* v. *Burgess*, 265 Mich. 177.  In that case the facts were identical with those in the instant case.  The county brought suit against the township treasurer on a bond given by him to the county treasurer.  State and county taxes collected by the township treasurer were deposited by him in a depository which subsequently failed, causing the loss of these tax funds.  We held:

"The defendants were bound by the bond in suit to account for State and county taxes collected, *unless the liability was discharged by due observance of the statute permitting designation of a depository, and deposits in accordance therewith.*"

There was no such due observance in that case. In the instant case there was, for the deposits were made in a depository designated by the township board in accordance with the statute (Act No. 40). By force of *County of Sanilac* v. *Burgess, supra,* the defendants were discharged.

Attention is called by appellees to 1 Comp. Laws 1929, § 3480, requiring township treasurers to pay not later than January 10th the funds collected up to that time, and monthly thereafter until the quarterly settlement. It is claimed that if Mrs. Sprague had complied with that statute that the loss would not have occurred. However, under 1 Comp. Laws 1929, § 3436, the township treasurer had only until the first day of March of each year in which to collect the State and county taxes, when in accordance with the practice one final settlement was made. The question is raised whether section 3480 refers to State and county taxes collected by township treasurers as it refers to quarterly settlements. Moreover the failure of the township treasurer to pay over on the 10th of January and monthly thereafter, even assuming that there was such a duty, was not the proximate cause of the loss of the funds, the failure of the depository being an intervening force.

The judgment is reversed and set aside, and one entered in favor of defendants. The question being a public one, no costs will be allowed.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.