## WYOMING TOWNSHIP v. HEKMAN.

1. DEPOSITARIES—SUBSEQUENT DESIGNATION—BONDS.

The subsequent designation of depositories and the taking of new bonds effects a substitution and discharge of previous depository bonds unless expressly reserved.

2. PRINCIPAL AND SURETY — SUBSEQUENT DESIGNATION OF DEPOSITARIES.

Directors of township fund depository bank, sureties on bond given in January, 1931, in addition to bond required by formal resolution designating depositary and at a time when funds on deposit were greatly in excess of regular depository bond but which funds were largely withdrawn before following April when new designation of depositary was made *held,* released from liability when bond given by surety company following new designation was formally approved, in action arising after bank was closed at time of bank holiday in February, 1933.

Appeal from Kent; Brown (William B.), J. Submitted October 24, 1935. (Docket No. 63, Calendar No. 38,549.) Decided January 31, 1936. Rehearing denied April 7, 1936.

Assumpsit by Wyoming Township, Kent county, a municipal corporation, against John Hekman and others on a depository bond. Directed verdict and judgment for plaintiff. Defendants appeal. Reversed without a new trial.

*Messinger & White* and *Linsey, Shivel & Phelps,* for plaintiff.

*Cornelius Hoffius* and *Norris, McPherson, Harrington & Waer,* for defendants.

BUSHNELL, J. The defendants, who were stockholders and directors of the Galewood-Wyoming State Bank, appeal from a judgment in the sum of $10,376.26 entered against them as sureties on a depository bond of their bank which was given to plaintiff township on January 9, 1931.

Plaintiff's township board adopted the following resolution April 12, 1930:

"Moved and seconded that Galewood-Wyoming State Bank, Wyoming Park State Bank and the Grandville State Bank be designated as depositories for township funds for the current year, each bank so designated to be required to file an approved surety company bond to the township in the sum of $10,000. Carried."

The Galewood-Wyoming State Bank then filed its bond in the sum of $10,000 with Fidelity & Deposit Company of Maryland as surety, which was formally accepted by resolution of the board on April 26, 1930.

During the tax-paying period of December, 1930, the deposits of the township in this bank were materially increased by the proceeds of the sale of nearly $100,000 of fire and water bonds. By April 11, 1931, almost $70,000 of this amount had been withdrawn, evidencing the temporary nature of these additional deposits.

The bond now in question was given to the township supervisor, Harry T. Emmons, by the bank upon his request for additional security. He testified that he accepted it on behalf of the township, put the bond in the township safe in his office, and it was there when he turned the safe over to his successor, George Tilma. The testimony shows that supervisor Tilma found the bond in the safe some time later. No formal entries were made in the township records as to the demand for this bond, its reception or approval. The bond recited:

"Whereas, the Galewood-Wyoming State Bank, principal herein, has been designated by the Trustees of Wyoming Township as a depository of part of the funds belonging to said Township,

"Now, Therefore, the conditions of this obligation," etc.

Following the election of a new township treasurer and at the beginning of a new township year, the newly-elected board adopted a resolution on April 11, 1931, that the Galewood-Wyoming State Bank and two other banks "be designated as depositories for township funds on condition that satisfactory bonds in the sum of $10,000 each be filed." This bank subsequently filed a new depository bond in such sum with the Maryland Casualty Company as its surety, which bond was received by the township and formally approved by a resolution dated May 9, 1931.

Similar action designating the same banks as depositories was taken by the succeeding township board on April 9, 1932, but without any mention in the resolution as to depository bonds. This action was rescinded at a special meeting July 15, 1932, and the Wyoming Park State Bank was designated as the depository for township funds. The Galewood-Wyoming State Bank was again made an additional depository of the township on December 31, 1932, in a maximum amount not to exceed $35,000 for a period ending July 1, 1933, this resolution also being silent as to a bond.

On December 30, 1932, the township balances in the Galewood bank were as follows: Special account, fire and water fund, nothing; commercial account, general fund, $19.61; and certificates of deposit, $375; total, $394.61. Deposits were thereafter made in both accounts and upon February 11, 1933, when the bank closed the township balances were: General account, $15,063.87, special account, $194.66. The township has since received depositors' dividends of 40 per cent. on the certificates of deposit and the two accounts.

Was the bond in controversy a continuing bond terminable only by a 30-day written notice and given as an additional continuing security, as contended by appellee, or was it, as claimed by appellants, only a temporary bond given in addition to the surety company bond required by the resolution of April 12, 1930? Did it terminate when the new township board designated depositories on April 11, 1931?

We think the situation is controlled by our recent case of *County of Cass* v. *Lee,* 271 Mich. 491. Under the reasoning of the court in that opinion the township board substituted a new contract of deposit April 11, 1931, for the previous arrangement. New

depository bonds were ordered and received. The subsequent designation of depositories and the taking of new bonds effected a substitution and discharge of previous depository bonds unless expressly reserved. *County of Cass* v. *Lee, supra.* See, also, *County of Sanilac* v. *Burgess,* 265 Mich. 177. The defendant sureties became wholly released from further liability when the Maryland Casualty Company bond, received in lieu of the former bonds, was approved by the township board. *Lawrence* v. *American Surety Co. of New York,* 263 Mich. 586, 604 (88 A. L. R. 535).

The judgment is reversed without a new trial. Costs to appellants.

North, C. J., and Fead, Wiest, Butzel, Edward M. Sharpe, Potter, and Toy, JJ., concurred.